# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| WILLIAM LEE (TOMMY) WHITED, Plaintiff, vs. WESTROCK SERVICES, INC. Defendant. | Case Number: 3:17-cv-01341<br>Jury Demand |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTER-CLAIMS AGAINST PLAINTIFF

Defendant WestRock Services, Inc., (hereinafter "WestRock Services" or "Defendant"), answers Plaintiff's Amended Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### INTRODUCTION

1. As to Paragraph 1, Defendant admits Plaintiff has filed a cause of action for age discrimination pursuant to the Tennessee Human Rights Act ("THRA"), T.C.A. 4-21-101 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Defendant specifically denies it discriminated against Plaintiff because of his age and denies any violation of the THRA or the ADEA.

### JURISDICTION AND VENUE

2. As to Paragraph 2, Defendant admits jurisdiction and venue are proper. To the extent this

1

4942009v.1
Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 1 of 11 PageID #: 104
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 1 of 11 PageID #: 1084

Paragraph implies liability in any way, it is denied.

## PARTIES

3. As to Paragraph 3, Defendant admits Plaintiff is a resident of Castalian Springs, Sumner County, Tennessee, and that his date of birth is April 3, 1953. Defendant further admits Plaintiff was employed by WestRock Services or its predecessors for approximately forty-six (46) years, most recently as General Manager of a facility in Gallatin, Tennessee. The remainder of the allegations contained in Paragraph 3 are denied. To the extent this paragraph implies liability in any way, it is denied.

4. As to Paragraph 4, Defendant admits it is a foreign corporation with its principal place of business located at 504 Thrasher Street, Norcross, Georgia 30071 and that it employs employees in the State of Tennessee. Defendant further admits it is licensed to do business in the State of Tennessee. The remainder of the allegations contained in Paragraph 4 are denied. To the extent this paragraph implies liability in any way, it is denied.

## FACTS

5. As to Paragraph 5, Defendant admits Plaintiff began working for WestRock Services' predecessors in or about August 1970 and assumed the role of General Manager of the Gallatin facility in or about 1986. The remainder of the allegations contained in Paragraph 5 are denied. To the extent this paragraph implies liability in any way, it is denied.

6. As to Paragraph 6, Defendant is without knowledge sufficient to form a belief as to what Plaintiff "attempted to encourage" as the General Manager and thus, denies the allegations contained in Paragraph 6. To the extent this paragraph implies liability in any

2

4942009v.1
Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 2 of 11 PageID #: 105
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 2 of 11 PageID #: 1085

way, it is denied.

7. As to Paragraph 7, Defendant admits a fatality occurred at the Tupelo, Mississippi facility. The remainder of the allegations contained in Paragraph 7 are denied. To the extent this paragraph implies liability in any way, it is denied.

8. As to Paragraph 8, Defendant admits the Area Vice President conducted a conference call. The remainder of the allegations contained in Paragraph 8 are denied. To the extent this paragraph implies liability in any way, it is denied.

9. The allegations contained in Paragraph 9 are denied.

10. As to Paragraph 10, Defendant admits training meetings were conducted in July 2016. The remainder of the allegations contained in Paragraph 10 are denied. To the extent this paragraph implies liability in any way, it is denied.

11. The allegations contained in Paragraph 11 are denied.

12. As to Paragraph 12, Defendant admits it received an anonymous complaint about Plaintiff via the Company's reporting hotline and conducted an investigation into the complaint. Defendant further admits that during the course of the investigation, Plaintiff was interviewed and asked questions regarding various issues raised by employees during the investigation. The remainder of the allegations contained in Paragraph 12 are denied. To the extent this paragraph implies liability in any way, it is denied.

13. The allegations contained in Paragraph 13 are denied.

14. As to Paragraph 14, Defendant admits Plaintiff's employment was terminated on or about August 30, 2016, following an investigation into allegations that he engaged in inappropriate conduct in the workplace and violations of the Company's Code of Conduct. Defendant further admits Mr. Bell, Mr. Pedine and Human Resources were

3

4942009v.1
Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 3 of 11 PageID #: 106
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 3 of 11 PageID #: 1086

present during the meeting in which Plaintiff was advised of his termination. The remainder of the allegations contained in Paragraph 14 are denied. To the extent this paragraph implies liability in any way, it is denied.

15. The allegations contained in Paragraph 15 are denied.

16. The allegations contained in Paragraph 16 are denied.

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 are denied.

19. The remainder of Plaintiff's Complaint consists of a prayer for relief which requires neither admission, nor denial. Even so, Defendant denies any allegations or inferences of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

20. Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

### THIRD DEFENSE

Plaintiff may be estopped from asserting all, or some, of his claims since the position Plaintiff now finds himself in is due to his own acts.

### FOURTH DEFENSE

Some, or all, of the claims alleged in the Complaint may be barred by the applicable statute of limitations.

### FIFTH DEFENSE

To the extent Plaintiff has failed to satisfy any conditions precedent that are necessary to maintain his claims, or failed to exhaust administrative remedies, such claims are barred.

## SIXTH DEFENSE

At all times Defendant's actions were based on legitimate, non-discriminatory, business-related reasons, undertaken in good faith and without malice or ill-will towards the Plaintiff.

## SEVENTH DEFENSE

Plaintiff's employment was terminated for legitimate, non-discriminatory/retaliatory reasons unrelated to his age or any alleged protected activity.

## EIGHTH DEFENSE

To the extent Plaintiff's Complaint asserts a claim of retaliation, the claim fails because Plaintiff did not engage in any protected activity of which the relevant decision maker was aware and Plaintiff cannot establish any causal connection between any alleged protected activity and his termination.

## NINTH DEFENSE

Plaintiff's age discrimination claim fails because he was not replaced by a substantially younger individual.

## TENTH DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, such failure bars, or at least reduces recovery of such damages.

## ELEVENTH DEFENSE

To the extent evidence is acquired, after Plaintiff's termination, which would provide a basis for termination of his employment, Plaintiff is barred from recovery.

## TWELFTH DEFENSE

Plaintiff is not entitled to a jury trial on claims for front pay, interest, or attorneys' fees.

5

4942009v.1

Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 5 of 11 PageID #: 108
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 5 of 11 PageID #: 1088

## THIRTEENTH DEFENSE

Defendant requests a jury of twelve in the event this matter proceeds to trial.

## FOURTEENTH DEFENSE

Because no discovery has yet occurred in this action, Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, Defendant requests the Court dismiss Plaintiff's claims and award Defendant its costs and attorneys' fees incurred in defending the instant action, as well as any other appropriate relief.

## DEFENDANT'S COUNTER-CLAIMS AGAINST PLAINTIFF

Defendant hereby asserts the following Counterclaims against Plaintiff.

## PARTIES

1. Whited is a resident of Castalian Springs, Sumner County, Tennessee. Whited was employed by WestRock Services or its predecessors for approximately forty-six (46) years, most recently as the General Manager of the Gallatin, Tennessee facility.

2. WestRock Services is a foreign corporation with its principal place of business located at 504 Thrasher Street, Norcross, Georgia 30071. WestRock Services is licensed to do business in the State of Tennessee.

## FACTS

3. WestRock Services employed Whited as General Manager of the Gallatin, Tennessee facility until August 30, 2016.

6

4942009v.1
Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 6 of 11 PageID #: 109
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 6 of 11 PageID #: 1089

4. As General Manager, Whited was the highest-ranking member of local management at the Gallatin, Tennessee facility.

5. As General Manager, Whited was responsible for overseeing operations at the Gallatin sheet plant and fulfillment center. Whited's responsibilities included overseeing employee safety and relations, and working to expand business.

6. As a General Manager, Whited was responsible for enforcing the Company's various policies and procedures and setting a positive example with respect to adherence to the Company's policies and procedures.

7. At all times relevant to this litigation, WestRock Services had an Employee Handbook and Code of Conduct applicable to the Gallatin, Tennessee facilities. Whited received copies of the Employee Handbook and Code of Conduct. As a General Manager, Whited was expected to perform his duties in accordance with the Employee Handbook and Code of Conduct.

8. As a General Manager, Whited was expected to act in the best interests of WestRock Services.

9. On August 8, 2016, WestRock Services received a complaint via its employee hotline referencing Whited. The complaint alleged Whited had created a hostile work environment, and that WestRock Services employees were quitting because of Whited.

10. WestRock Services investigated the complaint by interviewing employees. Employees reported Whited had engaged in various forms of inappropriate workplace behavior, including horseplay and using abusive and derogatory language toward employees.

7

4942009v.1

Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 7 of 11 PageID #: 110
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 7 of 11 PageID #: 1090

11. On or about August 26, 2016, WestRock Services interviewed Whited as part of its investigation. Whited admitted to engaging in some conduct that violated WestRock Services' Code of Conduct.

12. WestRock Services terminated Whited's employment on August 30, 2016, for violating WestRock Services Code of Conduct.

13. Whited physically hit and kicked subordinate employees in the Gallatin facility resulting in at least one employee filing a lawsuit against WestRock Services.

**Counterclaim Count 1 – Breach of Implied Covenant of Good Faith and Fair Dealing**

14. WestRock Services restates and incorporates herein the allegations contained in Paragraphs 1-13.

15. WestRock Services expected Whited, as General Manager of the Gallatin facility, to abide by and exemplify all of WestRock Services' policies included in the Company's Employee Handbook and Code of Conduct. WestRock Services expected that Whited would not act in any way that would expose WestRock Services to legal liability. WestRock Services expected Whited to treat all his subordinate employees with respect, and not take any actions that would negatively affect WestRock Services' business.

16. By engaging in inappropriate workplace behavior that includes hitting and kicking employees and verbally demeaning employees, Whited did not act in the best interests of WestRock Services. Rather, Whited acted for his own personal entertainment or desire.

8

4942009v.1

Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 8 of 11 PageID #: 111
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 8 of 11 PageID #: 1091

17. Implied in the employment relationship between Whited and WestRock Services was the expectation that Whited would act in the best interests of WestRock Services and not intentionally expose the Company to potential legal liability.

18. Whited breached his implied duty of good faith and fair dealing by failing to abide by WestRock Services' policies and procedures, physically hitting and kicking subordinate employees, and verbally demeaning subordinate employees thereby subjecting WestRock Services to potential liability.

19. Whited's inappropriate workplace conduct negatively impacted employee morale and subjected WestRock Services to a lawsuit.

20. As a direct result of Whited's breach of the implied covenant of good faith and fair dealing, WestRock Services has sustained and will continue to sustain damages.

### Counterclaim Count 2 – Breach of Duty of Loyalty

21. WestRock Services restates and incorporates herein the allegations contained in Paragraphs 1 – 20.

22. As General Manager, Whited was the highest-ranking member of local management at the Gallatin facility, and in this position Whited owed WestRock Services a duty of loyalty.

23. As General Manager, Whited was to act solely in the best interests of WestRock Services while at work, and not engage in conduct adverse to WestRock Services' interests.

24. By intentionally hitting employees and verbally demeaning employees, Whited failed to act in the best interests of WestRock Services.

9

4942009v.1

Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 9 of 11 PageID #: 112
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 9 of 11 PageID #: 1092

25. By intentionally hitting and kicking, and verbally demeaning employees, Whited engaged in conduct adverse to WestRock Services' interests, and exposed WestRock Services to legal costs associated with the defense of civil claims and potential legal liability, and negatively impacted employee morale.

26. As a direct result of Whited's breach of the duty of loyalty, WestRock Services has suffered and will continue to suffer damages.

WHEREFORE, based on the foregoing, WestRock Services requests that this Court:

    i. Enter a judgment in favor of WestRock Services and against Whited for breach of the implied covenant of good faith and fair dealing and breach of duty of loyalty.

    ii. Award damages to WestRock Services sustained as a result of Whited's breach of the implied covenant of good faith and fair dealing and breach of duty of loyalty.

    iii. Award WestRock Services punitive damages against Whited.

    iv. Award WestRock Services reasonable attorneys' fees and costs incurred in this action, including attorneys' fees incurred in prosecuting its counterclaims.

    v. Provide further relief as the Court deems proper.

Dated: January 29, 2018

Respectfully submitted,

*/s/ Mary Dohner Smith*
Mary Dohner Smith, TN BPR No. 021451
mdohner@constangy.com
Nelson Suarez, TN BPR No. 035346
nsuarez@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
401 Commerce Street, Ste. 1010
Nashville, TN 37219
615.320.5200
Facsimile 615.321.5891

*Counsel for Defendant*

10

4942009v.1
Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 10 of 11 PageID #: 113
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 10 of 11 PageID #: 1093

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** has been furnished to the below individuals via the Court's electronic filing system and/or by depositing same in the United States Mail, postage prepaid, on January 29, 2018.

Douglas S. Johnston, Jr.
djohnston@barrettjohnston.com
**BARRETT JOHNSTON MARTIN & GARRISON, LLC**
Bank of America Plaza
414 Union Street, Ste. 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

/s/ *Mary Dohner Smith*
Mary Dohner Smith

11

4942009v.1
Case 3:17-cv-01341   Document 16   Filed 01/29/18   Page 11 of 11 PageID #: 114
Case 3:16-cv-02510   Document 39-32   Filed 02/26/18   Page 11 of 11 PageID #: 1094